## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY J. GLOVER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1673** |
| **DEPARTMENT OF VETERANS AFFAIRS NEW ORLEANS; MARK BOLOGNA, NEW ORLEANS, VA DIRECTOR, GS-15; DR O'REILLY, VA STAFF DOCTOR** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss (Doc. #22) is **GRANTED**, and plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by defendants, the Department of Veterans Affairs ("VA"), and VA employees Mark Bologna and Dr. Leslie O'Malley, incorrectly named as Dr. O'Reilly.  Defendants argue that this court lacks subject matter jurisdiction over plaintiff's claims.

Plaintiff, Rodney J. Glover, is a veteran who has been discharged from military duty. On March 19, 2012, Glover filed with the VA a claim for service-related disability benefits.  The VA denied the claim on November 22, 2013.  Glover filed a Notice of Disagreement, requesting that the VA conduct a *de novo* review of his claim, which was denied on April 16, 2015.  On May 13, 2015, Glover filed an administrative appeal with the Board of Veterans' Appeals.  This appeal is pending.

On May 18, 2015, while his administrative appeal was pending, Glover filed this action *pro se*[1] alleging that the VA improperly handled his claim.  Glover seeks an order requiring "that the

---

[1]  Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995).  However, "[t]he right of self-representation does not exempt a

filed VA Form 9 - Appeal to Board of Veterans' Affairs is postponed and the six (6) VA claims submitted are reviewed by a valid decision officer and/or rated by the closest Regional VA hospital to New Orleans, LA or . . . funding of a VA lawyer. . ."  Glover also seeks "damages in the amount of $200,000 or $50,000 for each year of delay due to" defendants' improper actions.

On January 29, 2016, defendants' filed a motion to dismiss arguing that this court lacks subject matter jurisdiction because the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the claim once the Court of Veterans' Appeals renders a decision. Glover did not file an opposition.[2]

## ANALYSIS

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Glover's suit seeks review of actions regarding his VA claim for benefits.  On May 13, 2015, Glover filed an administrative appeal with the Board of Veterans' Appeals.  The record reflects that

---

party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

[2] The court called Glover's telephone number listed in the record three times to inquire whether he would file an opposition to the motion.  The calls were not answered or returned.

this appeal remains pending.  Once it is concluded, Glover's remedy, should he be dissatisfied with

the result, is to appeal to the Court of Appeals for Veterans Claims, which has "exclusive jurisdiction

to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a).  Further, jurisdiction

over appeals from the decisions of the Court of Appeals for Veterans Claims lies with the United

States Court of Appeals for the Federal Circuit. Id. at §§ 7252(c) and 7292.  Therefore, this court

does not have jurisdiction over Glover's action.  Defendants' motion to dismiss is GRANTED, and

Glover's claims are DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss (Doc. #22) is

**GRANTED**, and plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.


New Orleans, Louisiana, this   16th   day of March, 2016.


**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**